FILED

2008 Jul-24  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CMH HOMES, INC., d/b/a<br>LUV HOMES #365,      ) | |
| ) | |
|     PLAINTIFF, | |
| ) | **2:08-cv-1087-JHH** |
| VS. | |
| ) | |
| COVENANT MOBILE HOME<br>SERVICES, INC.; EDNA     )<br>BERRYHILL; and EDGAR<br>BERRYHILL,       ) | |
| ) | |
|     DEFENDANTS.    ) | |

## MEMORANDUM OF OPINION

The court has before it plaintiff's June 30, 2008 motion (doc. #3) to remand, along with its memorandum of law (doc. #4) in support of that motion. Pursuant to the court's July 1, 2008 order (doc. #5), defendants submitted a brief in opposition (doc. #7) to the motion to remand on July 15, 2008, and, on July 18, 2008, plaintiff filed a reply (doc. #8) to that opposition. For the reasons stated below, the motion (doc. #3) to remand is due to be granted.

### I.  Factual Background

Plaintiff CMH Homes, Inc. d/b/a/ Luv Homes #365 (Luv Homes) filed the instant complaint in the Circuit Court of Jefferson County, Bessemer Division, on

May 22, 2008 against defendants Covenant Mobile Home Services, Inc. (Covenant), Edna Berryhill and Edgar Berryhill.  The complaint contends that defendants negligently and/or wantonly installed manufactured homes sold by Luv Homes, and then engaged in a pattern and practice of fraud to cover-up this negligent and/or wanton work.  Additionally, the complaint contends that defendants falsified documents filed with the Alabama Manufactured Housing Commission regarding the repair of improperly installed homes.  (Compl. ¶ 1.) The complaint contains the following ten counts: (1) breach of contract; (2) common law indemnity/contribution; (3) negligent/wanton installation; (4) negligent/wanton hiring, entrustment, training and supervision; (5) fraud, suppression, deceit and concealment; (6) conversion and trover; (7) conspiracy; (8) money had and received; (9) quantum meruit and unjust enrichment; and (10) alter ego/instrumentality.  (Id. ¶¶ 21-59.)  The plaintiff seeks an unspecified amount of money damages, including compensatory damages, incidental damages, consequential damages, punitive damages, interest, cost and attorneys' fees.  (Id.) Defendants removed the complaint on June 19, 2008.  (Doc. #1).  Plaintiff's June 30, 2008 motion to remand was filed within thirty days of th removal, in compliance with 28 U.S.C. § 1447(c).

2

## II.  Analysis

To have removal jurisdiction, the court must first have original subject matter jurisdiction over the alleged cause of action.  See 28 U.S.C. § 1441.  The court can exercise original jurisdiction in two ways.  First, it can exercise diversity jurisdiction over cases in which the amount in controversy is greater than $75,000 and complete diversity exists between all the plaintiffs and all the defendants.  28 U.S.C. § 1332.  Second, the court can exercise federal question jurisdiction over claims arising under the Constitution, treaties or laws of the United States.  28 U.S.C. § 1331.  The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction.  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  Because removal infringes upon state sovereignty and implicates core concepts of federalism, courts must construe removal statutes narrowly, with all doubts resolved in favor of remand.  See Univ. of South Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Plaintiff contends that this court lacks diversity jurisdiction because the defendants have failed to establish by a preponderance of evidence that the amount in controversy exceeds $75,000, see Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), and this court lacks federal question jurisdiction as

defendants "have failed to identify a federal question for consideration by this court."  Defendants disagree and argue that they have established both diversity jurisdiction and federal question jurisdiction.

### A.  Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  The citizenship of the parties is not at issue in this case, but the amount in controversy is hotly debated.  This court has the duty "to assure itself that the case involves the requisite amount in controversy."  Morrison v. Allstate Indem. Co., 228, F.3d 1255, 1261 (11th Cir. 2000).  The amount in controversy is assessed at the time of removal.  Burns, 31 F.3d at 1097 n.13.

The court is well aware of the clear line drawn by the Eleventh Circuit in Lowery: "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand.  Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate."  Lowery, 483 F.3d at 1211 (emphasis added).  In this case it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, nor does the notice of

removal present any additional <u>evidence</u> that would establish that jurisdictional
amount.  Instead, the notice of removal merely encourages the court to speculate
that the following general allegations establish that the amount in controversy
exceeds $75,000: "the plaintiff alleges . . . that it hired the defendants in 'dozens
of transactions' to install manufactured homes . . .and seeks compensatory
damages associated with the correction of the defendants' work"; "the plaintiff
claims that defendants' work triggered a number of lawsuits and arbitrations
against the plaintiff and is seeking reimbursement of the damages and attorneys'
fees it incurred as a result;" and "the plaintiff claims that defendants have engaged
in a pattern and practice of fraud and seeks punitive damages."  (Notice of
Removal ¶ 3.)  Under <u>Lowery</u>, the court cannot retain jurisdiction by simply
assuming that the foregoing allegations amount to an excess of $75,000.

In their opposition, defendants present evidence of other verdicts to
establish the amount in controversy.  This argument fails.  The law of this Circuit
does not allow the court to consider the evidence of prior verdicts in support of
removal in this case as it was "not received from the plaintiffs, but rather gathered
from outside sources."  <u>See</u> <u>Lowery</u>, 483 F.3d at 1215.  Moreover, the Eleventh
Circuit has instructed that "such general evidence is [not] of much use in
establishing the value of claims in any one particular suit. . . .  Even were [the

court] to look to evidence beyond that contained within the notice of removal . . .

[the court] cannot possibly ascertain how similar the current action is to those

defendants cite.  Absent specific detail about the present action, the supplement in

no way clarifies the aggregate value of the claims here."  Id.  Accordingly, the

defendant failed to establish the existence of diversity question jurisdiction.

### B.  Federal Question Jurisdiction

Defendants contend that even if diversity jurisdiction does not exist, the

complaint should not be remanded because federal question jurisdiction exists

under 28 U.S.C. § 1331.  The face of the complaint clearly does not include a

federal claim.  (See Compl.)  However, in the negligent/wanton installation count,

plaintiff alleges that defendants "had a duty to exercise ordinary care in the set up

and delivery of said manufactured homes, pursuant to federal law, 24 C.F.R.

Sections 3280 and 3282, installation and consumer manuals and state law.  To the

extent Defendants' . . . conduct violated state and federal law, such conduct

constitutes negligence and wantonness per se."  (Id. ¶ 30.)  Defendants argue that

this claim is actually a hidden federal claim under the National Manufactured

Housing Construction and Safety Standards Act (NMHCSSA), 42 U.S.C. §§ 5401-

5426.  (Def. Opp. Br. at 3-5.)  The court disagrees.

6

The NMHCSSA, and associated regulations issued by the Department of Housing and Urban Development ("HUD"), set forth construction and safety standards for manufactured homes and prohibit local municipalities from imposing standards that differ from the federal standards.  See 42 U.S.C. §§ 5401-5426; 24 C.F.R. §§ 3280-3282.  Although "limited injunctive relief is available under the NMHCSSA, 'the Act does not create a private cause of action,' nor does it expressly or impliedly preempt state-law causes of action."[1]  Joseph v. Fluor, 513 F.Supp.2d 664, 673 (E.D.La. 2007) (quoting Richard v. Fleetwood Enterprises, Inc., 4 F.Supp.2d 650, 653-57 (E.D.Tex. 1998)).   Therefore, even if plaintiff pled violations of the NMHCSSA, such violations merely "serve[ ] as part of the relevant evidence of negligent conduct."  Richard, 4 F.Supp.2d at 657.  Accordingly, the defendant failed to establish the existence of federal question jurisdiction.

---

[1] The Act does preempt conflicting local zoning regulations. See Scurlock v. City of Lynn Haven, 858 F.2d 1521, 1523-25 (11th Cir.1988).

7

### III.  Conclusion

For these reasons, plaintiff's motion (doc. #3) to remand is due to be granted.  A separate order will be entered, remanding this case to the Circuit Court of Jefferson County, Bessemer Division for all further proceedings.

**DONE** this the ___24th___ day of July, 2008.

_____

SENIOR UNITED STATES DISTRICT JUDGE